[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 06-13895
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DECEMBER 4, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-02737-CV-CLS

BOBBY GRISWELL,

Plaintiff-Appellant,

versus

RELIANCE STANDARD INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(December 4,2006)

Before CARNES, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Bobby Griswell appeals the district court's entry of summary judgment in

favor of Reliance Standard Insurance Company ("Reliance") on his claims alleging

improper denial of benefits under a long-term disability plan ("LTD Plan"), in violation of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, et seq. Based on the undisputed facts showing that du ring the 6-month "look back" period -- just prior to the effective date of the LTD Plan-- Griswell received treatment for a back injury he suffered in 1977, the district court concluded that the "pre-existing condition" provision in the LTD Plan squarely excluded Griswell from coverage. Accordingly, the court concluded that Reliance did not violate the ERISA by terminating Griswell's benefits pursuant to the exclusion and was entitled to summary judgment.

When addressing the district court's grant of summary judgment, we review "the district court's ruling de novo, applying the same legal standards that governed the district court's disposition." Williams v. Bellsouth Telecomms., Inc., 373 F.3d 1132, 1134 (11th Cir. 2004).[1] In our review, we must view "all facts and reasonable inferences drawn therefrom in the light most favorable to [ ] the non-moving party." Johnson v. Booker T. Washington Broad. Serv., Inc., 234 F.3d 501, 507 (11th Cir. 2000). Summary judgment is warranted if the evidence shows "that there is no

---

[1]In the district court, Griswell urged the district court to review the denial-of-benefits decision using a de novo standard of review, while in this appeal, he contends that the "heightened arbitrary and capricious" standard controls. See Williams, 373 F.3d at 1137-38 (discussing standards of review applicable to an ERISA pan's denial of benefits). Under either standard, we discern no error in the district court's review of the decision to deny Griswell LTD benefits.

genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

On appeal, Griswell argues, among other things, that the district court improvidently granted summary judgment because (1) he did not receive notice of the "pre-existing condition" exclusion because he never received a copy of the insurance policy; (2) Reliance waived the exclusion by initially paying LTD benefits, before it discovered Griswell's pre-existing condition; and (3) the court misinterpreted the meaning of the phrases "contributed to" and "pre-existing condition" in the insurance policy. The district court analyzed each of these arguments, as well as the others Griswell asserts in this appeal, in a thorough and well-reasoned 38-page opinion.

The district court concluded that Griswell could not avoid application of the exclusionary provision based on his lack-of-notice argument because Reliance was under no obligation to provide a copy of its policy, which was summarized in a summary plan description ("SPD"). The court noted that it was the responsibility of Griswell's employer , who was not a party to this suit, to provide a copy of the SPD and to the extent that the employer had not provided a copy of the SPD, Griswell could not recover against Reliance for the omission. Moreover, the district court, applying our precedent on the matter, rejected Griswell's waiver argument based on his failure to show voluntary and intentional relinquishment of a known right. Glass

3

v. Omaha Life Ins. Co., 33 F.3d 1341, 1347 (11th Cir. 1994) (defining "waiver" in the context of the ERISA as the "voluntary, intentional relinquishment of a known right"). Notably, Reliance did not discover Griswell's pre-existing condition in a timely manner due in large part to Griswell's failure to disclose it on his initial application for benefits. It was only after Reliance, in the course of investigating the claim, sent Griswell a "Pre-Existing Condition Questionnaire" that it learned of the 1977 back injury for which Griswell had been treated during the 6-month period just prior to the effective date of his coverage with Reliance. Finally, the district court held that because Griswell was treated for the same conditions and symptoms both during the 6-month "look back" period and as part of his treatment in connection with his disability claim, the plain and unambiguous terms of the "pre-existing condition" provision excluded Griswell from coverage.

The district court fully addressed Griswell's appellate arguments and he has shown no reversible error in the entry of summary judgment in favor of Reliance based on the "pre-existing condition" exclusion, which plainly bars coverage here.

**AFFIRMED.**